IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-78,597-01, -02 & -03






EX PARTE CHRISTOPHER ALLEN ROWSEY, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. D110300-R, D120014-R & D120015-R IN THE 260TH DISTRICT COURT


FROM ORANGE COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of driving while intoxicated and one count of retaliation and sentenced to fifteen years'
imprisonment on each count. He did not appeal his convictions.

 Applicant contends that his trial counsel rendered ineffective assistance. Applicant has
alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 668 (1984);
Hill v. Lockhart, 474 U.S. 52 (1985). In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall order trial counsel to respond and state
whether he advised Applicant that he would be sentenced as a habitual offender, Tex. Pen. Code
§ 12.42(d), if he went to trial, and whether he advised Applicant that the punishment range was to
2 to 20 years. The trial court may also rely on its personal recollection. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether counsel's
conduct was deficient and, if so, Applicant would have insisted on a trial but for counsel's deficient
conduct. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: December 5, 2012

Do not publish